Tucker, P.
I am of opinion that the judgment in this case is erroneous. The question turns upon the true construction of the act, 1 Bev. Code, ch. 128, § 69, p. 506. By that section, it is provided that rules shall be holden in the clerk’s office on the first Monday of every month, and may be continued from day to day, not exceeding six days.
If the clerk is to be considered as having a discretion as to the time of closing the rules in any cause, I should not hesitate to say that he has exercised his discretion unsoundly, and that the general principles which he has avowed as to the conduct of the rules, are altogether inadmissible. He tells us it is his usual practice to keep the rules open the whole week for some purposes, such as receiving declarations and return of process, but, that as to causes situated as this was, he usually closed the rules on the first day, if he had an opportunity of doing so. How, this seems to me unequal, unjust, and contrary to law. All .parties, defendants as well as plaintiffs, are entitled to the same measure of indulgence in the administration of justice, and if the rules can be kept open for the accommodation of plaintiffs, the same accommodation should be extended to the defendants.
In the case at bar, the rules were peremptorily closed on the first day, though by law, for the conver *455 nience of suitors, they are authorized to be kept open for six days. If there is little business in a court, this cannot be necessary; if there is much, it cannot be proper; for the very object of enlarging the rules, is to give time to the suitors and officers to do the business as it ought to be done. So far from hastening to close the rules, so as to exclude defendants from their right to plead, the clerk (if he has a discretion) should so exercise it as to give to the party the last convenient moment for making his defence. What that time may be, need' not be decided. It is enough to say, that if the clerk could close the whole rules in a day, there could have been no press of business which could make it unreasonable to keep them open, even to the last hour of the six days. I think, therefore, that the proceeding in this case was altogether irregular and unreasonable, and should have been corrected, even if we admit the discretion claimed for himself by the clerk.
Whether the clerk has any discretion in this matter, further than to reject the pleading where it is offered so late in the rules that he has not time to enter it before the last hour of the sixth day, I very much question. That they cannot legally be closed on the first day as to all matters, is obvious from this, that a writ may be duly executed at any time before the return day has passed; that is to say, a writ returnable to the rules may be lawfully executed at any time before 'sunset of the first rule day. But if the rules are closed on that day, how is the defendant to appear? He is to appear, indeed, on the return day of the writ. But it was always held by that able officer, Judge White, that the six days are by a fiction of law but one day, as in the case of the court itself, and that the defendant might therefore appear on any of the rule days of the rules to which the writ is returnable. If so, the rules cannot'be closed as to him, and he may appear *456 at any time before tbe last Hour of the sixth day, in conven}en£ time to have the entry made. If he is too late to have the entry made, it is his own fault, and he pays the penalty; for by his negligence he loses the opportunity of appearing. But if the defendant has a right to appear at any of the six days, because the six days together make but one day, why shall he not have the six days also to comply with the terms of the common order? That order, indeed, expires on the next rule day; 1 Bev. Code, ch. 128, § 74. But that rule day is composed of six days, and if he appears before the end ot them, in time to have his appearance entered, he complies with the rule, and the order must be set aside. And should it be asked, “ Suppose he should appear so late that there is not time to enter it?” the answer is, he must lie down under the consequence of his own delay. Or if it be asked, “ Suppose numbers of defendants should apply at the eleventh hour to appear and plead?” the answer is, the first who comes must be first served, and the rest must suffer for their laches. It seems to me, then, that although the rules in each cause may be closed where the party called upon by the preceding rule has taken the step required of him, yet they must be kept open until he has done so, or until the last convenient hour for doing so on the sixth day; and that this is the true meaning of the provision that they may be continued from day to day, not exceeding six days.
As to the offer of the plaintiff to permit the defendant to plead upon a condition; that formed no ground of the court’s judgment, for it was subsequent, and moreover the defendant was in nowise bound to accept it, and to surrender his rights under the statute.
In like manner, I deem it unimportant to enquire whether he has sustained any injury by the decision. It would not only be difficult to ascertain this, but it would be improper to deny him what he had by law a *457 right to demand, upon a mere speculation as to the detriment which he has received.
I am, on the whole matter, of opinion to reverse the judgment, and send the cause back to the rules.
Judgment reversed, all the proceedings subsequent TO THE COMMON ORDER SET ASIDE, AND CAUSE REMANDED to the Circuit Court, to be sent to the RULES AND RURTHER PROCEEDED IN.